

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                      15-CR-149-RJA

CHITRA SELVARAJ,

          Defendant.

---

## PLEA AGREEMENT

The defendant, CHITRA SELVARAJ, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to a one count Superseding Information which charges a violation of Title 26, United States Code, Section 7203 (willful failure to file an income tax return), for which the maximum possible sentence is a term of imprisonment of 1 year, a fine of $25,000, a mandatory $25 special assessment and a term of supervised release of 1 year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant was required by law to file a tax return;

   b. The defendant failed to file such a tax return at the time required by law; and

   c. The defendant acted willfully in failing to file such tax return.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. During the 2009 calendar year, the defendant worked and earned income as a manager of the One Niagara Building in Niagara Falls, New York.

   b. The defendant earned total gross income in the amount of $150,000 in the 2009 calendar year.

2

c. As a result of her gross income, the defendant was required by law to file a federal income tax return for the 2009 calendar year. The defendant, however, willfully failed to file a federal income tax return for the 2009 calendar year.

d. The total tax loss relating to the defendant's failure to file a federal income tax return for the 2009 calendar year is $42,000.

### III.  SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines §§ 2T1.1(a)(1) and 2T4.1(E) (total tax loss greater than $30,000) apply to the offense of conviction and provides for a base offense level of 14.

### ADJUSTED OFFENSE LEVEL

7.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 14.

### ACCEPTANCE OF RESPONSIBILITY

8.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 12.

3

## CRIMINAL HISTORY CATEGORY

9. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10. It is the understanding of the government and the defendant that, with a total offense level of 12 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 10 to 12 months, a fine of $3,000 to $25,000, and a period of supervised release of 1 year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

11. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

12. The defendant understands the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

13. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV.   STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

15. By pleading guilty to the Superseding Information pursuant to this plea agreement, the defendant agrees that she has waived, and may not challenge—at sentencing, on direct appeal, or collateral attack—whether the charge contained in the Superseding Information is time barred by the statute of limitations.

## V.   ALIEN STATUS

16.   The defendant understands that, as a result of the defendant's guilty plea and conviction, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

17.   The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain and/or reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security.  The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status will be determined by the Department of Homeland Security in a separate proceeding.  The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

18.   At sentencing, the government agrees not to oppose the recommendation that the defendant be placed on probation.

19.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

20.    At sentencing, the government will move to dismiss the Superseding Indictment as to the defendant.

## VII.    APPEAL RIGHTS

21.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

24. This plea agreement represents the total agreement between the defendant, CHITRA SELVARAJ, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
MICHAEL DIGIACOMO
Assistant United States Attorney

Dated: November 22, 2022

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, Cheryl Meyers Buth, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
CHITRA SELVARAJ
Defendant

Dated: November 22, 2022

_____
CHERYL MEYERS BUTH, ESQ.
Attorney for the Defendant

Dated: November 22, 2022